**GRAY et al.   v.   TAYLOR et al.**

Court of Appeals of Kentucky.

June 18, 1954.

As Modified on Denial of Rehearing Oct. 8, 1954.

J. B. Campbell, Barbourville, Cleon K. Calvert, Pineville, for appellants.

Victor A. Jordon, Barbourville, for appellees.

CULLEN, Commissioner.

The judgment in this action decreed that title to a 50-acre tract of land in Knox County be quieted in Andrew Taylor, who was the defendant below. Subsequent to the entry of the judgment Andrew Taylor was killed, and the plaintiffs below, who are some of the children of one Sallie Smith Baker, have prosecuted this appeal against the widow and heirs of Andrew Taylor.

The plaintiffs claimed under a deed executed to their mother and father in 1914, by their grandfather, George B. Taylor. The defendant claimed under some deeds alleged to have been executed by George B. Taylor to his other children, in 1917, and the defendant further relied upon adverse possession since 1921.

There was no evidence to identify the land in controversy as being that described in the plaintiff's deed, other than the bare statements of the plaintiffs themselves that it was the same land. The defendant could produce only one of the several deeds upon which he relied, and there was no satisfactory proof that the land described in that deed was the same as the land in controversy.

There was evidence for the defendant that he had fenced the land in controversy, in 1921, and had maintained the fence since that time. There was evidence that the defendant had farmed the land for several years, had cut timber and sold timber to others, and had pastured the land. There also was some evidence that he had paid the taxes on the land for many years. Although these acts of adverse possession when considered individually perhaps would not be sufficient to establish title by adverse possession, nevertheless their cumulative effect, when considered with other elements, was such as to establish a continuous course of adverse possession for the required period.

The land was located immediately above a small tract upon which the plaintiffs and their mother had lived for many years, and across a road from a tract where the defendant lived. The proximity of the land in controversy to the tract upon which the plaintiffs lived was such as to give them clear notice of the acts of adverse possession by the defendant.

We think the evidence was sufficient to justify a finding that the defendant had acquired title by adverse possession, and the judgment awarding title to the defendant therefore was proper.

The judgment is affirmed.